IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEODIS RANDLE**                                                                                          **PLAINTIFF**

**V.**                                   **CASE NO: 4:20-CV-01460 JM**

**DOES**                                                                                                     **DEFENDANTS**

## ORDER

Plaintiff Leodis Randle, currently in custody at the Pulaski County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). He did not file a motion to proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). It reads, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Randle is a "three-striker" within the meaning of the PLRA.[1]

---

[1] Randle has had at least four 42 U.S.C. § 1983 cases dismissed for failure to state a claim upon which relief may be granted: *Randle v. Rule 38, Canon 3*, 4:18-cv-00529-BRW (E.D. Ark.); *Randle v. Arkansas*, 4:17cv00291-BSM (E.D. Ark.); *Randle v. Peters*, 4:14cv00280-BRW (E.D. Ark.); and *Randle v. v. Hall,* 4:14cv00357-JLH (E.D. Ark.).

Randle may still proceed *in forma pauperis* if he is in imminent danger of serious physical injury. The United States Court of Appeals for the Eighth Circuit has explained that this exception applies only if a threat of imminent danger exists at the time of the filing of the complaint. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Randle v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. *Martin*, 319 F.3d at 1050.

Randle sued unidentified administrative law judges in connection with a social security benefits claim in 2018. (Doc. No. 1). Nothing in Randle's allegations indicates that he is in imminent danger of serious physical injury. Because Plaintiff does not allege imminent danger, it would be futile to direct him to file a motion to proceed *in forma pauperis*. Rather, he must pay the $402.00 filing and administrative fee if he wishes to continue with this case.

IT IS THEREFORE ORDERED THAT:

1. Randle's complaint is DISMISSED WITHOUT PREJUDICE. Should he wish to continue this case, Randle must submit the statutory filing and administrative fees of $402.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. It is CERTIFIED that an *in forma pauperis* appeal from this order or any judgment entered hereunder would not be taken in good faith.

IT IS SO ORDERED this 28th day of December, 2020.

_____
UNITED STATES DISTRICT JUDGE